# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| TIMOTHY R. NORTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-12841 |
| GREENPATH, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Now comes TIMOTHY R. NORTON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of GREENPATH, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* as well as the Minnesota Credit Services Organization Act ("MCSOA") under Minn. Stat. § 332.52 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the instant claims occurred within, the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 52 year old natural "person," as defined by 47 U.S.C. § 153(39), residing in Plymouth, Minnesota.

5. Defendant is a credit repair organization that describes its "mission" as "to empower people to lead financially healthy lives."[1] Defendant states that "[e]very year, hundreds of thousands of people improve their financial health by working with us."[2] Defendant is a corporation organized under the laws of the state of Michigan with its principal place of business located at 36500 Corporate Drive, Farmington Hills, Michigan.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.greenpath.com/about-greenpath/
[2] *Id.*

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In approximately October 2019, Plaintiff entered into a contract with Defendant for the provision of credit repair services.

9. The purpose of Defendant's services provided to Plaintiff were for Defendant to go about attempting to improve Plaintiff's credit by seeking to reach settlements with Plaintiff's various creditors.

10. In connection therewith, Plaintiff provided a list of outstanding accounts that would be addressed through Defendant's credit repair services.

11. Plaintiff was required to make certain monthly payments to Defendant, the funds from which would go towards Defendant's efforts to address the debts included within the program Defendant provided to Plaintiff.

12. Included within the debts in the program Defendant provided to Plaintiff was a Capital One debt with an account number ending in 4949 ("subject account").

13. Plaintiff was making monthly payments to Defendant to go about addressing the subject account.

14. Defendant accepted Plaintiff's payments in connection with the subject account, and represented to Plaintiff that a portion of his monthly payments were going towards addressing the subject account.

15. However, contrary to Defendant's representations, the payments he was making were not being applied to the subject account as represented by Defendant.

16. As a result of Defendant's misrepresentations as to the services it was providing in connection with the subject account, Plaintiff was subsequently sued by the owner of the subject account, despite Plaintiff's belief that Defendant was actively paying down the subject account.

17. As a direct result of Defendant's acts and omissions, Plaintiff has suffered concrete harm in the form of emotional distress and anxiety for being sued in connection with a debt Defendant represented it was making payments on.

18. Plaintiff has further being required to expend significant time and resources to address the litigation that resulted from Defendant's acts and omissions.

19. In addition to the misrepresentations and errors made in Defendant's provision of services to Plaintiff, the contract underpinning the relationship between Plaintiff and Defendant contains several infirmities under the CROA – infirmities which render the entire contract void.

20. The CROA disclosures in Defendant's contract, rather than being provided to Plaintiff in a separate document as required by the CROA, are provided within the operative contract and other written materials.

21. Furthermore, Defendant's placement of the notice of Plaintiff's right to cancel the contract is not in immediate proximity to the location reserved for Plaintiff's signature on the contract.

22. Additionally, Defendant's contract contains language which represents an attempt to compel Plaintiff to waive rights afforded to him under the CROA.

23. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, being subjected to unnecessary collection efforts as a result of Defendant's acts and omissions, as well as a violation of his state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

27. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b**

28. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it provided Plaintiff. Defendant, through the nature of the program Plaintiff was enrolled in, represented to Plaintiff that the subject account was being actively addressed through Defendant's services. However, it became apparent that

Defendant misrepresented its services, as the payments Plaintiff was making were not being made on the subject account as represented by Defendant. Plaintiff has suffered significant hardship as a result of Defendant's conduct, including but not limited to the emotional distress and loss of time and resources commensurate with defending a collection lawsuit that would not have come about but for Defendant's misrepresentations.

    b. **Violation of CROA § 1679c(b)**

30. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

31. Defendant violated 15 U.S.C. § 1679c(b) through its failure to provide the written disclosures required under § 1679c in a statement separate from the written contract or other material provided to the consumer. The manner in which the disclosures were provided to Plaintiff demonstrate that the disclosures were contained within the operative contract and other written materials provided to Plaintiff, in direct violation of § 1679c(b).

### c. Violation of CROA § 1679d(4)

32. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'"

33. Defendant violated 15 U.S.C. § 1679d(4) through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract. Nowhere in the contract between Plaintiff and Defendant does Defendant provide such a disclosure in bold face type in immediate proximity to the space reserved for Plaintiff's signature, demonstrating Defendant's direct violation of § 1679d(4).

### d. Violation of CROA § 1679f(b)

34. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

35. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. Defendant's contract contains a provision which states that it "shall not be responsible or liable for any action taken by [Plaintiff's] creditors." Defendant's attempt to waive liability for the actions taken by Plaintiff's creditors represents an attempt by Defendant to insulate itself from liability in connection with the manner in which it provides services to Plaintiff, as – given the case here – Plaintiff has been directly harmed by the actions of his creditors, actions which came about as a result of Defendant's misrepresentations as to the services it was providing Plaintiff.

36. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, TIMOTHY R. NORTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MINNESOTA CREDIT SERVICES ORGANIZATION ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "buyer" as defined by Minn. Stat. § 332.52, subd. 2.

39. Defendant is a "credit services organization" as defined by Minn. Stat. § 332.52, subd. 3(a).

### a. Violation of MCSOA § 332.53

40. The MCSOA, pursuant to Minn. Stat. § 332.53, provides that "[a]ny attempt by a credit services organization to have a buyer waive rights provided under [the MCSOA] is a violation of [the MCSOA]."

41. Defendant violated Minn. Stat. § 332.53 through its improper attempt to obtain a waiver of Plaintiff's rights provided under the MCSOA.

### b. Violation of MCSOA § 332.56

42. The MCSOA, pursuant to Minn. Stat. § 332.56, subd. 1(4), prohibits a credit services organization from "mak[ing] or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit repair organization or engage, directly or indirectly, in any act, practice, or course of business that operates

or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization."

43. Defendant violated the above portion of the MCSOA through its misrepresentations made to Plaintiff about the nature and contours of the services it was providing Plaintiff.

### c. Violation of MCSOA § 332.58

44. The MCSOA, pursuant to Minn. Stat. § 332.58, subd. 1(1), requires credit services organizations to include, in the contract with a buyer, "a conspicuous statement in boldface type, in immediate proximity to the space reserved for the signature of the buyer, as follows: 'If you, the buyer, have been denied credit within the last 30 days, you may obtain a free copy of the consumer credit report from the consumer reporting agency. You also have the right to dispute inaccurate information in a report. You may cancel this contract at any time prior to midnight of the fifth day after the date of the transaction. See the attached notice of cancellation form for an explanation of this right.'"

45. Defendant violated the above portion of the MCSOA through its complete failure to provide the required disclosures in boldface type in immediate proximity to the space reserved for Plaintiff's signature. At no point in the contract between Plaintiff and Defendant does Defendant provide the required disclosure in the manner and location required by the MCSOA.

WHEREFORE, Plaintiff, TIMOTHY R. NORTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Minn. Stat. § 332.60;

c. Awarding Plaintiff punitive damages pursuant to Minn. Stat. § 332.60;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Minn. Stat. § 332.60; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 23, 2020                                     Respectfully submitted,


s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x. 105 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com